**Kimmel & Silverman, P.C.**
1930 East Marlton Pike, Suite Q29
Cherry Hill, New Jersey 08003
Telephone: 856-429-8334
Attorney of Record: Amy Bennecoff (AB0891)
Attorney for Plaintiff

*Attorneys for Plaintiff, Elizabeth J. Meloskie, and all others similarly situated*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELIZABETH J. MELOSKIE, an individual; on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMSHER COLLECTION SERVICES, INC. an Alabama Corporation; MAIN STREET ACQUISITION CORP.; a Nevada Corporation; and JOHN AND JANE DOES NUMBERS 1 THROUGH 25,<br><br>Defendants. | **CLASS ACTION COMPLAINT**<br>--and--<br>**DEMAND FOR JURY TRIAL** |

Plaintiff, ELIZABETH J. MELOSKIE ("MELOSKIE"), on behalf of herself and all others similarly situated, by way of Complaint against the Defendants, say:

## I. PARTIES

1.  ELIZABETH J. MELOSKIE is a natural person.

2.  At all times relevant to this complaint, ELIZABETH J. MELOSKIE was a citizen of, and resided in, the Borough of Sussex, Sussex County, New Jersey.

3. At all times relevant to this complaint, AMSHER COLLECTION SERVICES, INC.("AMSHER") is a for-profit corporation existing pursuant to the laws of the State of Alabama. AMSHER maintains its principal business address at 600 Beacon Parkway West, Suite 300, City of Birmingham, Jefferson County, Alabama.

4. At all times relevant to this complaint, MAIN STREET ACQUISITION CORP. ("MAIN STREET") is a for-profit corporation existing pursuant to the laws of the State of Nevada. MAIN STREET maintains its principal business address at 3715 Davinci Court, Suite 200, City of Norcross, Gwinnett County, Georgia.

5. Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiff. Plaintiff will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

6. The Plaintiff is informed and believes, and on that basis alleges, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of AMSHER and MAIN STREET that are the subject of this complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by AMSHER and MAIN STREET and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

## II. JURISDICTION & VENUE

7. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

8. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because Defendant, AMSHER resides in this federal district and all or a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district.

## III. PRELIMINARY STATEMENT

9. Plaintiff, on her own behalf and on behalf of the class she seeks to represent, bring this action for the illegal practices of the Defendants who used false, deceptive and misleading practices, and other illegal practices, in connection with their attempts to collect alleged debts from the Plaintiff and others. Plaintiff alleges that the Defendants' collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§1692, *et seq.* ("FDCPA").

10. Such practices include, *inter alia*:

   (a) Leaving telephonic voice messages for consumers and others, which fail to provide meaningful disclosure of AMSHER's identity;

   (b) Leaving telephonic voice messages for consumers, which fail to disclose that the call is from a debt collector; and

   (c) Leaving telephonic voice messages for consumers, which fail to disclose the purpose or nature of the communication (i.e. an attempt to collect a debt).

11. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal

bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. §1692(a) - (e).

12. The FDCPA is a strict liability statute, which provides for actual and statutory damages upon the showing of one violation. The Third Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Graziano v. Harrison,* 950 F.2d 107, 111n5 (3d Cir. 1991).

13. To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. §1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain *per se* violations of harassing and abusive collection conduct. 15 U.S.C. §1692d(1)-(6). Among the *per se* violations is the placement of telephone calls without meaningful disclosure of the caller's identity, 15 U.S.C. §1692d(6).

14. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. §1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. §1692e(1)-(16). Among these *per se* violations are: the failure by debt collectors to disclose in initial oral communications that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent oral communications with consumers that the communication is from a debt collector, 15 U.S.C. §1692e(11).

15. The Plaintiff, on behalf of herself and all others similarly situated, seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA, and all other common law or statutory regimes.

### IV. FACTS CONCERNING PLAINTIFF

16. Sometime prior to April 10, 2010, MELOSKIE allegedly incurred a financial obligation ("Meloskie Obligation").

17. The Meloskie Obligation arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

18. Defendants contend that the Meloskie Obligation is in default.

19. The alleged Meloskie Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

20. MELOSKIE is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

21. MELOSKIE is informed and believes, and on that basis alleges, that sometime prior to February 1, 2010, the creditor of the Meloskie Obligation either directly or through intermediate transactions sold the debt to MAIN STREET for collection.

22. MAIN STREET collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

23. MAIN STREET is a purchaser of performing and non-performing consumer debts, which are in default at the time those debts are acquired.

24. In connection with its debt servicing operations, MAIN STREET outsources its collection activities to other collection agencies, such as AMSHER.

25. MAIN STREET is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

26. MELOSKIE is informed and believes, and on that basis alleges, that sometime prior to April 10, 2010, MAIN STREET either directly or through intermediate transactions assigned, placed, or transferred the Meloskie Obligation to AMSHER for collection.

27. AMSHER collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

28. AMSHER is, at all times relevant to this complaint, a "debt collector" as defined by 15 U.S.C. § 1692a(6).

29. Within the one year immediately preceding the filing of this complaint, AMSHER contacted MELOSKIE on multiple occasions via telephone in an attempt to collect the Meloskie Obligation.

30. Within the one year immediately preceding the filing of this complaint AMSHER left multiple "pre-recorded" telephonic voice messages for MELOSKIE on her cellular telephone voicemail system ("Messages").

31. By way of example, on at least the dates of May 11, 12, 13, 17, 18, 19, 20, 21, 25, 2010, and June 9, 10, 11, 12, 16, 17, 18, 19, 21, 22, 23, 24 and 26, 2010, AMSHER left the following transcribed "pre-recorded" Message for MELOSKIE on her cellular telephone voicemail system:

> "Hi this is Jessica. This is not a sales call and it is very important that I speak with you today. Please call me at 1-866-732-1626. Again my name is Jessica and I have a very important message for you. I can be reached at 1-866-732-1626 between the hours of 8am and 9pm central standard time.

>If you would like to press one now, you will automatically be transferred. Please do not disregard this message and I look forward to your call. That number again is 1-866-732-1626. Thank you very much.

32. The telephone number 866-732-1626 is answered by is answered by persons who are employed by AMSHER as "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

33. Each of the Messages was left by persons employed as debt collectors by AMSHER in connection with the collection of a "debt" as defined by 15 U.S.C. §1692a(5).

34. Each of the Messages is a "communication" as defined by 15 U.S.C. § 1692a(2).

35. At the time MELOSKIE received the Messages, she did not know the identity of callers.

36. At the time MELOSKIE received the Messages, she did not know that the callers were a debt collectors.

37. At the time MELOSKIE received the Messages, she did not know that the calls concerned the collection of a debt.

38. The Messages uniformly failed to identify AMSHER by its company name as the caller.

39. The Messages uniformly failed to disclose that the communication was from a debt collector.

40. The Messages uniformly failed to disclose the purpose or nature of the communication (i.e., an attempt to collect a debt).

41. The Messages uniformly failed to provide meaningful identification of AMSHER's identity as the caller.

42. The only way for Plaintiff and/or a least sophisticated consumer to obtain the identity of the caller leaving the Messages, and to ascertain the purpose underlying the Messages,

is to place a return call to the telephone number provided in the Messages and speak with a debt collector employed by AMSHER, and then provide that debt collector with personal information.

43. AMSHER intended that the Messages have the effect of causing Plaintiff and least sophisticated consumers to place return calls to the telephone number provided in the Messages and speak with its debt collectors, and then provide those debt collectors with their personal information, as the sole means of obtaining the identity of the caller leaving the Messages, and to ascertain the purpose underlying the Messages.

44. Scores of federal court decisions -- including the 11th Circuit Court of Appeals and all of the Districts Courts within the States of New Jersey and Georgia -- uniformly hold that the FDCPA requires debt collectors to disclose in its telephonic voice messages left for consumers, such as the Messages, that the call is from a debt collector.

45. Plaintiff is informed and believes, and on that basis alleges, that AMSHER was aware of the substantial weight of legal authority requiring it to disclose in its telephonic voice messages left for consumers, such as the Messages, that the call is from a debt collector.

46. Plaintiff is informed and believes, and on that basis alleges, that AMSHER willfully, deliberately, and intentionally chose not to disclose in its telephonic voice messages left for Plaintiff and similarly situated consumers, such as the Messages, that the call is from a debt collector.

47. Scores of federal court decisions -- including the 11th Circuit Court of Appeals and all of the Districts Courts within the States of New Jersey and Georgia -- uniformly hold that the FDCPA requires debt collectors to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the Messages, by accurately stating the name of the debt collection company and stating the nature and/or purpose of the call.

48. Plaintiff is informed and believes, and on that basis alleges, that AMSHER was aware of the substantial weight of legal authority requiring it to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the Messages, by accurately stating its company name and stating the nature and/or purpose of the call.

49. Plaintiff is informed and believes, and on that basis alleges, that AMSHER willfully, deliberately, and intentionally chose not to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the Messages, by accurately stating its company name and stating the nature and/or purpose of the call.

50. AMSHER's act of leaving the Messages for Plaintiff is conduct the natural consequences of which is to harass, oppress, or abuse a person in connection with the collection of a debt and is in violation of the FDCPA.

51. AMSHER's act of leaving the Messages for Plaintiff constitutes the use of a false, deceptive, or misleading representation or means in connection with the collection of any debt and is in violation of the FDCPA.

52. The FDCPA secures a consumer's right to have a debt collector cease further communications with the consumer. By failing to meaningfully identify itself, disclose the purpose of its call and state that AMSHER is a debt collector in a manner understandable to the least sophisticated consumer, AMSHER has engaged in conduct designed to deprive consumers of their right to have a debt collector cease further communications.

53. At all times relevant to the collection of the alleged Meloskie Obligation, there existed a principal-agent relationship between AMSHER and MAIN STREET.

54. At all times relevant to the collection of the alleged Meloskie Obligation, AMSHER was the agent for MAIN STREET, acting within the course and scope of its

employment at the time of the incidents complained of herein, and was under the direct supervision, control, and approval of MAIN STREET.

55.  As the principal and a debt collector, MAIN STREET is vicariously liable for the illegal collection activities of other debt collection companies and collectors, such as AMSHER, working on its behalf to collect debts from consumers such as MELOSKIE.

## V.  POLICIES AND PRACTICES COMPLAINED OF

56.  It is Defendants' policy and practice to leave telephonic voice messages for consumers and other persons, such as the Messages, that violate the FDCPA by, *inter alia*:

(a)  Leaving telephonic voice messages for consumers, which fail to provide meaningful disclosure of AMSHER's identity;

(b)  Leaving telephonic voice messages for consumers, which fail to disclose the purpose or nature of the communication (i.e. an attempt to collect a debt); and

(c)  Leaving telephonic voice messages for consumers, which fail to disclose that the call is from a debt collector.

57.  On information and belief, the Messages, as alleged in this complaint under the Facts Concerning Plaintiff, number at least in the hundreds.

## VI.  CLASS ALLEGATIONS

58.  This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

59.  This claim is brought on behalf of a Plaintiff Class, consisting of a class of (a) all persons in the State of New Jersey (b) for whom AMSHER left a telephonic voice message, in the form of the Messages, (c) that failed to identify the caller as a debt collector or state that the

call was for collection purposes (d) made in connection with AMSHER's attempt to collect a debt on behalf of MAIN STREET (e) which Messages violate the FDCPA (e) during a period beginning one year prior to the filing of this initial action and ending 21 days after the filing of this Complaint.

60. The identities of all class members are readily ascertainable from the records of AMSHER and MAIN STREET.

61. Excluded from the Plaintiff Class are the Defendants and all of their respective officers, members, partners, managers, directors, and employees of the Defendants and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

62. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issues are: whether the Defendant's telephonic voice messages, such as the Messages, violate 15 U.S.C. §§ 1692d(6) and 1692e(11).

63. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

64. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

65. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's telephonic voice messages, such as the Messages, violate 15 U.S.C. §§ 1692d(6) and 1692e(11).

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that

individual actions would engender.

66. Certification of a class under Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for AMSHER, which, on information and belief, collects debts throughout the United States of America.

67. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that Messages violate 15 U.S.C. §1692d(6) and/or §1692e(11) is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

68. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

69. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## VII.  FIRST CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST ALL DEFENDANTS)

70. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

71. Defendant violated the FDCPA. Defendant's violations with respect to the

Messages include, but are not limited to, the following:

    (a)    Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. § 1692d;

    (b)    Placing telephone calls without providing meaningful disclosure of AMSHER's identity as the caller in violation of 15 U.S.C. § 1692d(6);

    (c)    Leaving telephonic voice messages which fail to disclose the purpose or nature of the communication (i.e., an attempt to collect a debt) in violation of 15 U.S.C. § 1692d(6);

    (d)    Failing to disclose in its initial communication with the consumer, when that communication is oral, that AMSHER is attempting to collect a debt and that any information obtained will be used for that purpose, which constitutes a violation of 15 U.S.C. § 1692e(11); and

    (e)    Failing to disclose in all oral communications that AMSHER is a debt collector in violation of 15 U.S.C. §1692e(11).

## VIII. PRAYER FOR RELIEF

72. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and in favor of the Plaintiff Class as follows:

A. **For the FIRST CAUSE OF ACTION:**

    (i)    An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing MELOSKIE and the undersigned counsel to represent the Plaintiff Class as previously set forth and defined above.

(ii) An award of the maximum statutory damages for MELOSKIE and the Plaintiff Class pursuant to 15 U.S.C. § 1692k(a)(B);

(iii) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(B)(3); and

(iv) For such other and further relief as may be just and proper.

## IX. JURY DEMAND

74. Plaintiff hereby demands that this case be tried before a Jury.

Dated: January 3, 2011

By: */s/ Amy L. Bennecoff*
AMY L. BENNECOFF
Attorney for Plaintiff
Kimmel & Silverman, P.C.
1930 East Marlton Pike, Suite Q29
Cherry Hill, New Jersey 08003
Telephone: 215-540-8888

*Attorneys for Plaintiff, Elizabeth J. Meloskie and all others similarly situated*